**NOT FOR PUBLICATION** [3]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TWO RIVERS WATER                    :
RECLAMATION AUTHORITY               :   Civil Action No. 06-0762 (FLW)
                                    :
        Plaintiff,                  :
                                    :   **OPINION**
    v.                              :
                                    :
CAMP DRESSER & MCKEE INC., *et al*  :
                                    :
        Defendants.                 :
_____ :

**WOLFSON, District Judge**

Presently before the Court is a motion by Defendant, Camp Dresser & McKee Inc. (hereinafter "Defendant" or "CDM"), seeking partial summary judgment pursuant to Fed. R. Civ. P. 56, based upon the alleged failure by Plaintiff, Two Rivers Water Reclamation Authority (hereinafter "Plaintiff" or the "Authority"), to comply with the Affidavit of Merit statute, N.J.S.A. 2A:53A-27. Defendant asserts that Plaintiff's engineering expert lacks the statutorily-mandated qualifications to support Plaintiff's professional malpractice claims related to the design of certain odor control and biofiltration mechanisms. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons that follow, Defendant's motion for partial summary judgment is denied.

**I. BACKGROUND**

The Authority, a public body and corporation organized under the provisions of the Sewerage Authorities Act, N.J.S.A. 40:14A-1 *et seq.*, commenced this action on January 31, 2006, in the Superior Court of New Jersey, Law Division, Monmouth County. See Plaintiff's

Complaint ("Compl."). On February 21, 2006, CDM removed the matter to federal court pursuant to 28 U.S.C. § 1441, based upon diversity of citizenship between CDM, a citizen of Massachusetts for the purposes of 29 U.S.C. 1332(b), and the Authority, a citizen of New Jersey.

In its Complaint, the Authority alleges negligence, breach of contract and professional malpractice in connection with engineering services CDM provided as part of the Authority's efforts to expand and upgrade its wastewater treatment facilities and pumping station (hereinafter the "Project"). The engineering services in question were the subject of two separate agreements between CDM and the Authority. Under the first agreement, dated March 17, 1998, CDM was to provide design services for the Project. See Compl., First Count, at ¶ 2. On December 12, 2000, the Authority and CDM entered into the second agreement pursuant to which CDM agreed to provide resident engineering and observation services for the Project on an hourly basis. See Compl., Third Count, at ¶¶ 2, 3. With respect to both agreements, the Authority asserts that CDM had a duty to perform its work in a skilled, professional, and workmanlike manner and to conform to the standards of engineering practice and failed to do so thereby committing "engineering malpractice". See Compl., Second and Fourth Counts.

On March 15, 2006, CDM filed its Answer to the Authority's Complaint. Thereafter, on May 9, 2006, pursuant to N.J.S.A. 2A:53A-27, the Authority filed and served an affidavit of merit, executed by Ivan Metzger, P.E., Ph.D. See Affidavit of Merit of Ivan Metzger ("Metzger Aff. of Merit"), Ex. B. CDM filed a "Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment" on July 26, 2006 based on the Authority's alleged failure to timely and substantively comply with N.J.S.A. 2A:53A-27. Specifically, CDM sought dismissal of all claims based upon the Authority's alleged failure to support its claims with a financially

disinterested and neutral expert's affidavit. Alternatively, CDM sought dismissal of those of the Authority's claims that "alleged malpractice with respect to the design of the odor control and/or biofiltration mechanisms" on the grounds that Metzger lacked the expertise required to execute an affidavit critical of CDM with respect to these areas. See Defendant's Memorandum of Law ("Dft. Brief") at p. 12.

By letter dated September 1, 2006, CDM notified this Court of its intention to withdraw that portion of its Motion for Summary Judgment that sought dismissal of all claims. CDM's withdrawal followed its receipt of an affidavit from Metzger, provided as part of the Authority's opposition to CDM's motion, in which Metzger affirmatively states that he has no financial interest in the outcome of this case. Thus, the only issue for this Court on the instant motion concerns Metzger's alleged lack of statutorily-mandated qualifications to support the Authority's professional liability claims that involve the odor control and biofiltration mechanisms.

## II.  LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To show that a genuine issue of material fact exists, the nonmoving party may not rest upon mere allegations, but must present actual evidence in support thereof. Id. at 249 (citing First Nat'l Bank of Arizona v. Cities Svc. Co., 391 U.S. 253, 290 (1968)). In evaluating the evidence, the Court must view evidence and draw inferences "in the

light most favorable to the party opposing the motion." Waldorf v. Shuta, 896 F.2d 723, 728 (3d Cir. 1990) (quoting Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)).

**III. DISCUSSION**

The affidavit of merit executed by Metzger stated his qualifications as a licensed professional engineer of the State of New Jersey with more than 40 years of experience. See Metzger Aff. of Merit at ¶ 2. Noting that he conducted an extensive examination of CDM's performance in connection with its design engineering and construction observation work related to the Project, Metzger opined that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited by CDM in the practice of engineering and in their performance of the work that is the subject of the complaint, fell outside acceptable engineering standards and practices." Id. at ¶¶ 3, 4.

Attached to the affidavit of merit was a four-page *curriculum vitae*, which further detailed Metzger's experience and qualifications. See, generally, Metzger Aff. of Merit, Ex. A. Metzger earned a Doctor of Science in Sanitary Engineering from New York University in 1965, a Master of Science in Civil Engineering from Massachusetts Institute of Technology in 1955 and a Master of Science in Sanitary Engineering in 1958. Id. Metzger's professional chronology spanned more than five decades. Over the course of his lengthy career, Metzger held numerous positions, the most recent of which, from 1978 through his retirement from full-time engineering in 2000, involved engineering consulting services in the area of "Water Supply and Wastewater Disposal". Id. In addition, Metzger's *curriculum vitae* detailed a multitude of national seminars that he conducted over the course of his career in areas such as energy management in water

supply, environmental facility planning, wastewater facility planning, and environmental assessments for wastewater treatment facilities.  Id.

In support of the instant motion for partial summary judgment, CDM asserts that Metzger is not competent to give an affidavit of merit to support the claims against it that concern "the design of the odor control and/or biofiltration mechanisms."  See Dft. Brief at p. 12. CDM explains that biofiltration

> involves maintaining a biological mass to breakdown a waste stream.  The waste stream in this case is foul air generated from the waste water treatment process.  CDM designed two large biofilters for the Project, which include extensive ductwork, large blowers, a humidification tower with recirculation pumps, multi-layered biofilter beds with air distribution headers and laterals, an irrigation system and a leachate drainage system.  The two biofilters collect foul air from several locations within the treatment facility, which is then directed through humidification chambers and distributed up through a biological mass of microorganisms which live within a moist, warm bed of compost and woodchips.  Id. at p. 12, footnote.3.

CDM contends that odor control and the treatment of odors by biofiltration is a discrete and specialized practice area.  CDM argues that because Metzger is not "board certified" in the area of odor control and the treatment of odors by biofiltration, and has not devoted his practice "substantially to th[is] general area or specialty . . . for a period of at least five years", Metzger is not competent under N.J.S.A. 2A:53A-27 "to author an affidavit of merit in support of these specialized claims."  Id. at 13.

In response to the motion, the Authority submitted an affidavit from Metzger in which he disputes CDM's contention that he lacks the statutorily-mandated qualifications to support the

5

Authority's claims which concern the biofiltration system. See Affidavit of Dr. Ivan Metzger, dated August 17, 2006 ("Metzger Aff."). Specifically, Metzger contends that New Jersey "has no recognized 'board' that issues 'board certifications' in odor control or treatment of odors by biofiltration." Metzger Aff. at ¶ 29. In fact, Metzger states that he is unaware of any recognized engineering authority that issues any such "board certifications." Id. Metzger asserts that the "general area" implicated by the Authority's odor control and biofiltration claims is simply "professional engineering." Id. at ¶ 30. He contends that if any "specialty" is implicated at all by the claims at issue, it is "'wastewater engineering' that includes wastewater treatment" for which he is unquestionably qualified. Id. at ¶ 31.

As noted by the New Jersey Supreme Court in Burns v. Belafsky, 166 N.J. 466, 474 (2001), requirement of an affidavit of merit was enacted as part of the New Jersey Legislature's effort "to reduce frivolous lawsuits by requiring plaintiffs to make a threshold showing concerning the merits of their claim." N.J.S.A. 2A:53A-27 provides, in pertinent part:

> [T]he person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

This Court rejects CDM's contention that Metzger lacks the statutorily-mandated qualifications to execute an affidavit of merit addressing claims involving the design of an odor control and biofiltration systems. CDM seeks to define the "specialty" involved in the claims at issue as odor control and biofiltration, arguing that this is a discrete and specialized practice area

6

within the profession of engineering. However, CDM offers no support for its contention other than counsel's bald assertions.

Moreover, the case law cited by CDM in support of its argument is inapposite. <u>Borough of Berlin v. Remington & Vernick Engineers</u>, 337 N.J. Super. 590 (App. Div. 2001), does not, as CDM suggests, support the conclusion that "N.J.S.A. 2A:53A-27 requires that the expert have the requisite expertise and qualifications in each discrete [sic] area in which the plaintiff claims malpractice has been committed." The court in <u>Borough of Berlin</u> simply recognized the inability of a plaintiff to pursue engineering malpractice claims against an engineering firm where the plaintiff had failed to submit the required engineering affidavit. <u>Id.</u> at 599. The court limited the plaintiff's claims against the engineering firm to responsibility under the doctrines of *respondeat superior* or agency where the affidavit of merit was authored by a professional hydrogeolist rather than a licensed engineer. <u>Id.</u>

Significantly, in cases involving medical malpractice actions prior to the New Jersey Legislature's enactment of the Medical Care Access and Responsibility and Patients First Act, L. 2004, c. 17, which now governs the requirements applicable to affidavits of merit in medical malpractice actions, the New Jersey Supreme Court expressly rejected an interpretation of N.J.S.A. 2A:53A-27 that would have required the affidavit of merit to be executed by an expert with the identical qualifications or certifications as the defending physician. <u>See</u> <u>Burns v. Belafsky</u>, 166 N.J. 466, 479 (2001). The New Jersey Supreme Court recognized that there are overlaps in practice and held that the statute is satisfied where the expert is qualified to supply the required basis for the medical malpractice action. <u>Id.</u>

Just as there are overlaps in the practice of medicine, there are likewise overlaps in the practice of engineering and this Court finds Metzger's extensive experience in the areas of wastewater engineering and wastewater treatment sufficient to qualify him under N.J.S.A. 2A:53A-27 to provide the required basis for the Authority's engineering malpractice claims involving odor control and biofiltration. CDM's attempt to narrow the engineering specialty at issue to odor control and biofiltration has no basis in law or fact. This opinion should not, however, be construed as a determination by this Court that the Authority's expert meets the standards for admissibility set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is denied. An appropriate order will follow.

      /s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge

Dated: September 29, 2006

8